UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN ROBINSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | ) Case No. 1:17-CV-129 PLC |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on Acting Commissioner Nancy A. Berryhill's ("the Commissioner's") motion to reverse and remand the case to the Commissioner for further administrative action pursuant to sentence four of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g). (ECF No. 19). Plaintiff has not responded.[1]

On August 11, 2017, Plaintiff filed a complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (ECF No. 1). The Commissioner filed her answer and a transcript of the administrative proceedings, and Plaintiff filed a brief in support of the complaint. (ECF Nos. 12-14).

In his brief, Plaintiff claimed that the ALJ's decision at step five that he was not disabled because he could perform other work in the economy was not supported by substantial evidence in the record as a whole. (ECF No. 14). Plaintiff argued that, although the ALJ's residual functional capacity determination included a limitation to occasional overhead reaching, the vocational expert testified that Plaintiff could perform the jobs of cashier, collator operator, and

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1). (ECF No. 8).

warehouse checker, all of which require frequent lifting. Plaintiff asserted that, because the ALJ failed to resolve this conflict between the vocational expert's testimony and the job requirements listed in the *Dictionary of Occupational Titles*, the ALJ's reliance on the vocational expert's testimony at step five was improper.

On February 14, 2018, the Commissioner filed the instant motion to reverse and remand the case for further action under sentence four of section 205(g) of the Social Security Act, which authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). See also Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). The Commissioner represents that, upon review of the record, agency counsel determined that remand is necessary for further evaluation of Plaintiff's claim. The Commissioner states: "Remand is necessary for the ALJ to resolve the apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) as required by SSR 00-4p in regard to Plaintiff's ability to perform only occasional overhead reaching."

Upon review of Plaintiff's brief in support of his complaint, the ALJ's decision, and the Commissioner's motion, the Court agrees with the parties that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's motion to reverse and remand (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

                                                         */s/ Patricia L. Cohen*
                                                         PATRICIA L. COHEN
                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of March, 2018